UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREGORY R.,**

        **Plaintiff,**    :

  v.                               **Case No. 2:21-cv-1817**
                                       **Judge Sarah D. Morrison**
                                       **Magistrate Judge Chelsey M.**
**COMMISSIONER OF**                     **Vascura**
**SOCIAL SECURITY,**         :

        **Defendant.**

## ORDER

Plaintiff brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits. (ECF No. 11-2, PageIDs 59–69.) Plaintiff filed his Statement of Errors on October 8, 2021. (ECF No. 12.) The Commissioner filed a Memorandum in Opposition. (ECF No. 13.) On March 15, 2022, the Magistrate Judge issued a Report and Recommendation, recommending that the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's denial of benefits. (ECF No. 21.) Plaintiff timely filed his Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 22.)

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

The Court has carefully reviewed the record and concludes that the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards.

Plaintiff's first objection was considered and correctly addressed by the Magistrate Judge.

Plaintiff makes a new argument in his second objection—the Administrative Law Judge ("ALJ") erred because he did not find Plaintiff's "substance abuse to be material, so whether Dr. Shrek considered the substance abuse was immaterial." (ECF No. 22, PageID 762; *see also* PageID 763 (contending that the ALJ found Plaintiff's "substance abuse to be not material.")). But Plaintiff contradicts himself on the record. In his Statement of Errors, Plaintiff argues that the ALJ "did not conclude that substance abuse was material to [Plaintiff's] disability, rather he found [Plaintiff] was not disabled at all, precluding the need to assess the materiality of the substance abuse." (ECF No. 12, PageID 613.) Plaintiff's second

2

objection misconstrues the ALJ's finding—the ALJ, following the regulation, did not engage in a materiality analysis pursuant to 20 C.F.R. § 404.1535 because he determined that Plaintiff was not disabled. (ECF No. 11-2, PageIDs 59–69.)

Plaintiff's second objection also fails to the extent that it relies on *Gayheart v. Comm'r of Soc. Sec.* to argue the ALJ erred in considering Plaintiff's substance abuse issues when weighing Plaintiff's treating physician's, Dr. Sherk's, opinion. (ECF No. 12, PageIDs 613–14); 710 F.3d 365 (6th Cir. 2013). The Court agrees with the Magistrate Judge's conclusion that, even if the ALJ erred in referring to Plaintiff's history of substance abuse when considering Dr. Shrek's opinions, such error was harmless because (unlike *Gayheart*) the ALJ offered other record-based reasons for finding that Dr. Sherk's opinions were not persuasive. (ECF No. 21, PageID 753) (citing *Massey v. Comm'r of Soc. Sec.*, No. 1:15-CV-744, 2016 WL 4987169, at *9 (S. D. Ohio Sept. 15, 2016)).

Moreover, the treating physician rule applied in *Gayheart* does not apply to Plaintiff's claim. Specifically, the regulations governing the plaintiff's claim in *Gayheart* were those in effect at that time. However, the regulations were revised effective March 27, 2017. *Compare* 20 C.F.R. § 404.1527(c)(2) *with* 20 C.F.R. § 404.1520c(a); *see also Gayheart*, 710 F.3d 365. The revised regulations apply to Plaintiff's claim filed in March 2019. (ECF No. 11-5, PageIDs 214–20.) The change in the regulations is critical: under the old regulations, treating physician opinions were to be given "controlling weight" when they were "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and consistent with "other

3

substantial evidence in [the] case record." 20 C.F. R. § 404.1527(c)(2); *Gayheart*, 710 F.3d at 376. The Commissioner had to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.* However, under the new regulations, the Commissioner is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a); (EFC No. 21, PageID 746.) Given *Gayheart* was decided under the old regulatory framework, Plaintiff's reliance on it to argue the ALJ errored in considering Dr. Shrek's medical opinions is not persuasive. *Shelton v. Kijakazi*, No. 2:20-CV-182, 2022 WL 990526, at *5–6 (E.D. Tenn. Mar. 31, 2022) (explaining that the treating physician rule discussed in *Gayheart* did not apply where the plaintiff applied for disability insurance benefits on May 17, 2018).

Accordingly, the Court **OVERRULES** Plaintiff's Objection (ECF No. 22), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21) as modified herein, and **AFFIRMS** the Commissioner's decision. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

    **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**